Honora

# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In Re:<br><br>TRACY DEANN LAVELLE,<br><div align="right">Debtor.</div><br>———<br>TRACY DEANN LAVELLE,<br><div align="right">Plaintiff,</div><br>v.<br><br>MOHELA aka Missouri Higher Education Law Authority, Defendant,<br><div align="right">Defendant.</div> | CHAPTER 7<br><br>Bankruptcy Case No: 24-41358-MJH<br><br>Adversary Case No:<br><br>COMPLAINT TO DETERMINE DISHCARGEABILITY OF CERTAIN DEBTS UNDER 11 U.S.C. § 523(a)(8) |

## I.   PARTIES & JURISDICTION

1.1     Plaintiff is the debtor in the above-referenced proceeding. She filed a petition for relief pursuant to title 11, chapter 7 on June 19, 2024.

1.2     Defendant is Navient Solutions ("Navient"), a private student loan lender and servicer.

COMPLAINT TO DETERMINE
DISHCARGEABILITY OF CERTAIN DEBTS
UNDER 11 U.S.C. § 523(a)(8)
Page - 1

Law Offices of David Smith, PLLC
201 St Helens Ave
Tacoma, WA 98402
Phone (253) 272-4777

Case 25-04067-MJH    Doc 1    Filed 11/11/25    Ent. 11/11/25 22:51:41    Pg. 1 of 4

1.3 Plaintiff may serve Defendant by mailing a copy of the Summons and Complaint to the Defendant Pursuant to Federal Rule of Bankruptcy Procedure 7004(b)(3) by first class mail to the below address:

MOHELA
Att: Scott Giles, CEO or Managing Director
633 Spirit Drive
Chesterfield, MO 63005

1.4 This Court has jurisdiction over the subject matter as an adversary proceeding under 11 U.S.C. § 523(a) and 28 U.S.C. § 1334.

1.5 This is a core proceeding. This is a proceeding in which the Court can enter a final judgment and over which the Court has jurisdiction pursuant to *Stern v. Marshall*, 564 U.S. 293, 131 S. Ct. 2594 (2011).

## II. FACTS

2.1 The Plaintiff is a 58-year-old unemployed single woman.

2.2 The Plaintiff is partially disabled because she has permanently injured her left wrist during past employment.

2.3 The Plaintiff attended various institutions between the years 1991 and 1996.

2.4 Plaintiff obtained three private student loans from Navient while in school. The total disbursed amount was $6,386.

2.5 Based on available information, the loan details are as follows:

Disbursal Amount for Consolidation: $6,386.31
XXXX5505
Interest Rate: 9 Percent
Approximate Current Balance: $35,791.50

COMPLAINT TO DETERMINE
DISHCARGEABILITY OF CERTAIN DEBTS
UNDER 11 U.S.C. § 523(a)(8)
Page - 2

Law Offices of David Smith, PLLC
201 St Helens Ave
Tacoma, WA 98402
Phone (253) 272-4777

Case 25-04067-MJH    Doc 1    Filed 11/11/25    Ent. 11/11/25 22:51:41    Pg. 2 of 4

2.6 After Plaintiff's studies in 1996 she became unable to make payments because of financial difficulties.

2.7 The Plaintiff tried to find work in her field of study but was unsuccessful.

2.8 Plaintiff, on July 16, 2014, filed bankruptcy under bankruptcy cause no. 14-43887 in the Western District of Washington. The Plaintiff filed an adversary proceeding against the then current servicer Consolidated Loan, Education Credit Management Corporation ("ECMC") under adversary cause no. 14-04269-BDL.

2.9 The parties resolved the dispute, and the case was dismissed without prejudice to allow the Plaintiff to enter into an Income-Based Repayment ("IBR") or Total and Permanent Disability ("TPD") Program for her ECMC loans.

2.10 Debtor entered into the program, and was qualified to make a $0.00 payment, but because the debt was not being paid off, was not forgiven, and was increasing in value for the past ten years, the Plaintiff received no benefit from the IBR and TPD programs.

2.11 The Debtor's credit report shows the debt being unpaid and shows a higher debt-to-income (DTI) ratio, also, not paying on the student loans lowers Plaintiffs credit score. This makes it more difficult to qualify for other types of loans.

2.12 The Debtor's unresolved debt may make it harder for the debtor to get loans, jobs, or rental housing in the future. of the unresolved debt.

2.13 The Debtor, in the future, may also be subject to seizure of funds such as funds from tax refunds and social security.

2.14 Plaintiff has had an uneven work and income history and struggles with certain chronic physical conditions that limit her ability to increase her income.

COMPLAINT TO DETERMINE
DISHCARGEABILITY OF CERTAIN DEBTS
UNDER 11 U.S.C. § 523(a)(8)
Page - 3

Law Offices of David Smith, PLLC
201 St Helens Ave
Tacoma, WA 98402
Phone (253) 272-4777

Case 25-04067-MJH    Doc 1    Filed 11/11/25    Ent. 11/11/25 22:51:41    Pg. 3 of 4

2.15 On information and belief, the loan agreements with the defendant contains a default clause that results in an automatic default upon the filing of a bankruptcy, with the resulting acceleration of the debt.

2.16 The Plaintiff has been marginally employed for much of the repayment period and through all of 2025.

2.17 Paying the full accelerated balance ($35,791.50), or even a monthly payment that would conceivably result in payoff, would pose an undue hardship to the Plaintiff.

2.18 Plaintiff has used her best efforts to maximize her income.

2.19 Plaintiff has used her best efforts to minimize her expenses. She lives frugally, and avoids expensive habits such as smoking, gambling, and traveling.

2.20 Plaintiff qualifies for discharge under 11 USC 523(a)(8), having satisfied the Brunner test and relevant legal criteria.

THEREFORE, Plaintiff requests the following:

1. That the Court issue an Order declaring her student loans fully or partially discharged in the present bankruptcy proceeding.

2. For such other additional or different relief as this court deems fit in the interest of justice.

Submitted November 11, 2025,

Law Offices of David Smith, PLLC

By: */s/David C. Smith*
David C. Smith, WSBA 29824
Attorney for Plaintiff

COMPLAINT TO DETERMINE DISHCARGEABILITY OF CERTAIN DEBTS UNDER 11 U.S.C. § 523(a)(8)
Page - 4

Law Offices of David Smith, PLLC
201 St Helens Ave
Tacoma, WA 98402
Phone (253) 272-4777

Case 25-04067-MJH    Doc 1    Filed 11/11/25    Ent. 11/11/25 22:51:41    Pg. 4 of 4